# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL E. BLAIR; | ) | |
| SHARONE D. EDMONDS, | ) | |
| JAMES MERCER; | ) | |
| VIRGINIA TODD; | ) | |
| on behalf of plaintiffs and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 09-cv-5271 |
| vs. | ) | |
| | ) | Judge Gottschall |
| PHILLIPS & COHEN ASSOCIATES, LTD.; | ) | Magistrate Judge Nolan |
| PCA ACQUISITIONS, LLC; | ) | |
| PCA ACQUISITIONS II, LLC; | ) | |
| PCA ACQUISITIONS III, LLC; | ) | |
| PCA ACQUISITIONS IV, LLC; and | ) | |
| PCA ACQUISITIONS V, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] PROTECTIVE ORDER**

This matter has come before the Court on a renewed motion for a protective order. Pursuant to Fed.R.Civ.P. 26(c)(1)(G), this Court may enter an order, on good cause shown, that provides that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

The parties have identified documents which reveal (a) the personal financial information of plaintiff and other consumers (including contact information, Social Security numbers, account numbers, amounts that consumers allegedly owe, and so on), and (b) contracts between defendants and other entities which may contain proprietary information. The Court, after due consideration, finds that good cause exists for the entry of an order regarding the manner in which this information is disclosed.

1

Accordingly, and with the Court being fully advised, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party person, or entity.

2. Any person or entity (including non-parties) who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate as "confidential" any material that the producing person believes, in good faith, contains information related to pricing information and other sensitive commercial information, or personal information on consumers (including social security numbers, account information and the like), or any substantially similar kinds of information that are subject to a recognized, legally protected right to privacy ("Confidential Information").

3. Designation of Confidential Information shall be made at or prior to the time of production of documents by stamping or marking the documents as "confidential" in a location that makes the designation readily apparent.

4. Deposition testimony may be designated as "confidential," in whole or in part, within thirty (30) days after receipt of the written transcript by the designating party. Until that time, all deposition testimony shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as confidential. Deposition testimony may be designated as "confidential" only to the extent that information properly protectable under this Order is discussed.

5. No information designated as Confidential Information may be filed with the Court under seal absent a motion – filed and noticed for hearing prior to the due date of the

particular filing – that shows good cause for sealing a portion of the record in the case. The mere fact that information has been designated as confidential by a party is insufficient to permit under-seal filing. A party seeking to file material under seal must set forth in its motion the reasons why the record should be sealed.

6. If this Court permits a document to be filed under seal, the party filing the document must also file a public-record version that includes the entire filing, except for the portions that are being filed under seal.

7. Any information that has not been reduced to documentary form may be designated as "confidential" by informing counsel for the parties in writing that it is "Confidential Information."

8. Confidential Information shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order.

9. Confidential Information shall be disclosed only to:

    a. The Court (including any appellate court) and its staff;

    b. A jury trying this case;

    c. The named parties;

    d. Counsel of record for the parties, including employees of counsel;

    e. Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

   f.  Any other person or entity as to whom counsel for the producer or provided of the Confidential Information agree in writing, or whom the Court directs shall have access to such information; or

   g.  Any deponent or trial witness in this case.

  10. Disclosure of any Confidential Information to persons described in subparagraphs 9(e), 9(f) and 9(g) of this Order shall be solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation. Any such person shall sign an appropriately-captioned document with the following text:

*DECLARATION OF [A.B.]*

*  I, [A.B.], under penalty of perjury, hereby declare that I have read a Protective Order entered by the Court on [date] regarding the protection of confidential information produced in this case, that I understand the terms of this Order, and that I agree to be bound by its terms and to not publicly disclose anything designated as being confidential information, except as provided for by the Protective Order or by a further order of the Court.*

*  Executed on this day, [date].*

  11. This Order shall be without prejudice to the right of the parties or other persons to (a) bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be confidential, or (b) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. This Court, in considering any such motion, will engage in an appropriate balancing of the interests between

privacy and public access to make a new determination of good cause in light of the facts then before the Court.

12. A party or other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within fourteen days after such objection, the parties and any other objecting person shall confer in good faith in an effect to resolve the objections. If such conference does not resolve the objection, the person objecting to the designation may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall not be treated as confidential. Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order.

13. In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the designating party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

14. The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such

documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

15. The Court notes that the parties have agreed that, upon request of counsel for the Producing Party and within sixty (60) days after the final disposition of all claims and defenses asserted in this matter, by settlement or expiration of time to appeal, all Confidential Information must be returned to counsel for the Producing Party. The parties' obligation to return Confidential Information includes the return of any and all copies of such Confidential Information, including but not limited to those copies in the custody or control of third parties set forth in paragraph 9(e), 9(f), and 9(g) of this Order. The Court specifically states that it shall not have or retain jurisdiction over this matter beyond the entry of final judgment, with respect to the agreement of the parties represented in this paragraph.

16. Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

17. Nothing in this Order shall prevent any interested member of the public to challenge the sealing of any documents.

18. The terms of this Order shall be binding on the parties and their attorneys during the pendency of this action. Notwithstanding any other provision contained in this Order, this Court shall not retain any jurisdiction over the Order beyond the entry of final judgment.

IT IS SO ORDERED on this day, _____, 2010.

ENTER: _____, J.
Hon. Joan B. Gottschall
United States District Court
Northern District of Illinois

*Distribution*

*By e-mail (through operation of CM/ECF)*

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
courtecl@edcombs.com

Cathleen M. Combs
EDELMAN COMBS LATTURNER & GOODWIN LLC
ccombs@edcombs.com

James O. Latturner
EDELMAN COMBS LATTURNER & GOODWIN LLC
jlatturner@edcombs.com

Tiffany N. Hardy
EDELMAN COMBS LATTURNER & GOODWIN LLC
thardy@edcombs.com

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
jschultz@sessions-law.biz

Nicole M. Barrett
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
nbarrett@sessions-law.biz

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
disrael@sessions-law.biz