MB
FILED
APRIL 28, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PAUL E. BLAIR,<br>SHARONE D. EDMONDS,<br>JAMES MERCER,<br>VIRGINIA TODD, and<br>JAMES VAN KLEY,<br>on behalf of plaintiffs and a class,<br><br>           Plaintiffs,<br><br>           vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.;<br>PCA ACQUISITIONS, LLC;<br>PCA ACQUISITIONS II, LLC;<br>PCA ACQUISITIONS III, LLC;<br>PCA ACQUISITIONS IV, LLC; and<br>PCA ACQUISITIONS V, LLC;<br><br>           Defendants. | 09-cv-5271<br><br>Judge Gottschall<br>Magistrate Judge Nolan |

## SECOND AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Phillips & Cohen Associates, Ltd., PCA Acquisitions, LLC ("PCA I"), PCA Acquisitions II, LLC ("PCA II"), PCA Acquisitions III, LLC ("PCA III"), PCA Acquisitions IV, LLC ("PCA IV"), and PCA Acquisitions V, LLC ("PCA V"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

a. Defendants' collection communications were received by plaintiffs Blair and Edmonds within this District;

b. Defendants do or transact business within this District.

## PARTIES

4. Plaintiffs Blair and Edmonds are individuals who reside in this District.

5. Plaintiff James Mercer is a resident of Hobart, IN.

6. Plaintiff Virginia Todd is a resident of Kouts, IN.

7. Plaintiff James Van Kley is a resident of Zeeland, MI.

8. Defendant Phillips & Cohen Associates, Ltd. is a corporation with its principal offices at 1002 Justison Street, Wilmington, DE 19801, and three additional offices at (1) 695 Rancocas Road, Westampton, NJ 08060, (2) 3025 E. Desert Inn Road, Las Vegas, NV 89121, and (3) 900 S. Pine Island Road, Suite 120, Plantation, FL 33324. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9. Defendant Phillips & Cohen Associates, Ltd. operates a collection agency.

10. Defendant Phillips & Cohen Associates, Ltd. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

11. Phillips & Cohen Associates, Ltd. is a debt collector as defined in the FDCPA.

12. Defendants PCA I, PCA II, PCA III, PCA IV, and PCA V are entities created by the owners of Phillips & Cohen Associates, Ltd. for the purpose of acquiring charged-off consumer debts originally owed to others.

13. On information and belief, one of defendants PCA I, PCA II, PCA III, PCA IV, and PCA V purportedly acquired the debt that is the subject of Exhibits A and C.

14. On information and belief, defendants PCA I, PCA II, PCA III,

PCA IV, and PCA V purportedly acquired the debts of the members of the class, defined below.

15. It is impossible to determine which of defendants PCA I, PCA II, PCA III, PCA IV, and PCA V owns a particular debt for the very reason that defendant Phillips & Cohen Associates, Ltd., and defendants PCA I, PCA II, PCA III, PCA IV, and PCA V, acting in concert, adopted the use of the name "Portfolio Asset Group" for the purpose of obfuscating and obscuring the purported ownership of debts sought to be collected by defendant Phillips & Cohen Associates, Ltd., and of making it appear as if the debts were owned by unrelated third parties.

16. The principal officers of Phillips & Cohen Associates, Ltd., are Adam S. Cohen (secretary), Howard A. Enders (president), and Matthew M. Phillips (treasurer).

17. PCA I, PCA II, PCA III and PCA IV are limited liability companies chartered under Florida law. The principal place of business of each is the Florida office of Phillips & Cohen Associates, Ltd., at 900 S. Pine Island Road, Suite 120, Plantation, FL 33324.

18. The members/ managers of each of PCA I, PCA II, PCA III and PCA IV are Adam S. Cohen, Howard A. Enders, and Matthew M. Phillips.

19. PCA V is a limited liability company chartered under Delaware law. Its principal place of business is the Delaware office of Phillips & Cohen Associates, Ltd., at 1002 Justison Street, Wilmington, DE 19801.

20. The members/ managers of PCA V are Adam S. Cohen, Howard A. Enders, and Matthew M. Phillips.

21. Phillips & Cohen Associates, Ltd. and PCA I, PCA II, PCA III, PCA IV, and PCA V should be held jointly and severally liable for the FDCPA violations involving the failure to identify and obfuscation of the purported ownership of the debts at issue in this case.

## FACTS RELATING TO PLAINTIFFS

### Blair

22. On or about Sept. 5, 2008, defendant Phillips & Cohen Associates, Ltd.

sent plaintiff Blair the collection letter attached as <u>Exhibit A</u>, seeking to collect an alleged debt incurred for personal, family or household purposes.

23. Contrary to the letter, plaintiff was, and still is, alive.

24. <u>Exhibit A</u> was the initial letter defendants sent to plaintiff Blair regarding the alleged debt described therein.

### Edmonds

25. On or about Sept. 5, 2008, defendant Phillips & Cohen Associates, Ltd., sent plaintiff Sharone D. Edmonds, of Chicago, IL, the form PCAL029 collection letter attached as <u>Exhibit C</u>.

26. Contrary to the statements in the letter, Sharone D. Edmonds was not deceased.

27. <u>Exhibit C</u> was the initial letter defendants sent to plaintiff Edmonds regarding the alleged debt described therein.

### Mercer

28. On or about March 14, 2009, defendant Phillips & Cohen Associates, Ltd., sent plaintiff James Mercer, of Hobart, IN, the collection letter attached as <u>Exhibit D</u>.

29. <u>Exhibit D</u> was the initial letter defendants sent to plaintiff Mercer regarding the alleged debt described therein.

### Todd

30. On or about July 3, 2009, defendant Phillips & Cohen Associates, Ltd., sent plaintiff Virginia Todd, of Kouts, IN, the collection letter attached as <u>Exhibit E</u>.

31. <u>Exhibit E</u> was the initial letter defendants sent to plaintiff Todd regarding the alleged debt described therein.

32. On August 15, 2009, defendant Phillips & Cohen Associates, Ltd., mailed Todd another form collection letter (<u>Exhibit F</u>) again representing that she had a "financial obligation with PORTFOLIO ASSET GROUP" and threatening "all means of recovering the

total amount due to our client."

33. <u>Exhibit F</u> is another form letter regularly used by Phillips & Cohen Associates, Ltd., and designated PCAL 592.

### Van Kley

34. On or about July 3, 2009, defendant Phillips & Cohen Associates, Ltd. sent plaintiff the collection letter attached as <u>Exhibit G</u>, seeking to collect an alleged debt incurred for personal, family or household purposes.

35. <u>Exhibit G</u> was the initial letter defendants sent to plaintiff regarding the alleged debt described therein.

36. On July 16, 2009, counsel for Van Kley faxed a letter to defendant Phillips & Cohen Associates, Ltd. (<u>Exhibit H</u>) asking for verification of the debt and advising that he was represented by counsel.

37. Defendants did not verify the debt.

38. On August 15, 2009, defendant Phillips & Cohen Associates, Ltd., mailed Plaintiff another form collection letter (<u>Exhibit I</u>) again representing that he had a "financial obligation with PORTFOLIO ASSET GROUP" and threatening "all means of recovering the total amount due to our client."

39. <u>Exhibit I</u> is another form letter regularly used by Phillips & Cohen Associates, Ltd., and designated PCAL 592.

### FACTS – GENERAL

40. On information and belief, <u>Exhibits A and C</u> represent forms used by Phillips & Cohen Associates, Ltd., as the initial demands to be sent to a debtor.

41. Each of the collection letters attached hereto represents a form letter regularly used by Phillips & Cohen Associates, Ltd.

42. Each of the collection letters attached hereto identifies the "client" and current owner of the debt as "Portfolio Asset Group."

43. On information and belief, Phillips & Cohen Associates, Ltd., has sent numerous demand letters identifying the client as "Portfolio Asset Group."

44. Based on a search of corporate records in all 50 states, "Portfolio Asset Group" is not the name or assumed name of any type of entity incorporated or authorized to do business in the United States.

45. A Google search reveals postings by several other consumers attempting to find out who or what "Portfolio Asset Group" is, and nothing else. (Exhibit B)

46. Based on investigation by counsel, "Portfolio Asset Group" is used by Phillips & Cohen Associates, Ltd. to refer to defendants PCA I through PCA V, or some of them.

47. This fact is not ascertainable by the unsophisticated, or even sophisticated consumer from any reasonably available sources. "Portfolio Asset Group" is not a registered tradename.

## COUNT I – FDCPA

48. Plaintiffs incorporate paragraphs 1-47.

49. Defendants violated 15 U.S.C. §1692g, by failing to disclose in their initial demand (or another letter sent within 5 days thereafter) "the name of the creditor to whom the debt is owed".

50. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

      **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

      **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

    51.    Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692e(14), by having Phillips & Cohen Associates, Ltd. send out letters which (a) represented that the debts were owned by a nonexistent entity and (b) used a business, company, or

organization name other than the true name of the debt collector's business, company, or organization.

      52.    Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
>     **(A)    the character . . . legal status of any debt; . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
>
> **(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

## CLASS ALLEGATIONS

      53.    Plaintiffs bring this claim on behalf of a class, consisting of (a) all natural persons with Illinois, Wisconsin, Indiana, or Michigan addresses (b) to whom a letter on the letterhead of defendant Phillips & Cohen Associates, Ltd. was sent on behalf of "Portfolio Asset Group" (c) which letter was sent during a period beginning on August 26, 2008, and ending on September 15, 2009.

      54.    The class is so numerous that joinder is impracticable.

      55.    Based on Defendants' representations, there are more than approximately 5,875 natural persons with Illinois, Wisconsin, Indiana, or Michigan addresses to whom a letter on the letterhead of defendant Phillips & Cohen Associates, Ltd. was sent on behalf of "Portfolio Asset Group," which letter was sent during a period beginning on August 26, 2008, and ending on September 15, 2009.

56. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "disclosure" of "Portfolio Asset Group" when the owner of the debt is PCA I through PCA V complies with the FDCPA.

57. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

58. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

59. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21945\Pleading\Second Amended Complaint_Pleading.wpd