IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL E. BLAIR, | ) | |
| SHARONE D. EDMONDS, | ) | |
| JAMES MERCER, | ) | |
| VIRGINIA TODD, and | ) | |
| JAMES VAN KLEY, | ) | |
| On behalf of plaintiffs and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Chang |
| | ) | |
| -vs- | ) | Case No.:   09 C 5271 |
| | ) | |
| PHILLIPS & COHEN ASSOCIATES, | ) | Magistrate Judge Nolan |
| LTD., PCA ACQUISITIONS, LLC, | ) | |
| PCA ACQUISTIONS II, LLC, | ) | |
| PCA ACQUISTIONS III, LLC, | ) | |
| PCA ACQUISTIONS IV, LLC, and | ) | |
| PCA ACQUISTIONS V, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter has come before the Court on a motion for the preliminary approval of a class action settlement. After reviewing the motion, and with the Court being fully and otherwise advised, the Court now GRANTS the motion and PRELIMINARILY APPROVES the class action settlement.

The Court specifically finds that the proposed notice of class action settlement presented in the motion meet all of the requirements of Fed. R. Civ. P. 23 and of due process.

The Court further finds that the parties have agreed, for the purposes of settlement only, that a class can be certified in this case. On its own review of the factors set forth in Fed. R. Civ. P. 23(a) and 23(b)(3), the Court finds, on a preliminary basis, the requirements for class certification under

1

Rule 23(b)(3) have been met, in that

- the class (estimated at 5,875 persons) is so large that joinder is impractical, thereby satisfying the numerosity requirement of Fed. R. Civ. P. 23(a)(1);

- the class shares common issues which predominate over individual issues as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3), as all class members share claims arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. based upon the content of a letter sent by Defendants to the class members;

- the claims of the named plaintiffs are typical of those held by class members, as required by Fed. R. Civ. P. 23(a)(3);

- plaintiffs and their counsel can adequately protect the interest of class members, as required by Fed. R. Civ. P. 23(a)(4); and

- the resolution of over 5,800 claims which are factually and legally identical in a single proceeding promotes judicial economy and efficiency, and makes class action a superior method of resolving class members' claims, as required by Fed. R. Civ. P. 23(b)(3).

Finally, the Court finds that it has jurisdiction over the claims made in this case, pursuant to 28 U.S.C. §§ 1331 and 1367, and 15 U.S.C. § 1692k.

THEREFORE, IT IS HEREBY ORDERED THAT —

1. Pursuant to Fed. R. Civ. P. 23, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class:

ALL NATURAL PERSONS WITH ILLINOIS, WISCONSIN, INDIANA OR
MICHIGAN ADDRESSES TO WHOM A LETTER ON THE LETTERHEAD

OF DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD. WAS SENT ON BEHALF OF "PORTFOLIO ASSET GROUP" DURING THE PERIOD BEGINNING ON AUGUST 26, 2008 AND ENDING SEPTEMBER 15, 2009.

2. There are approximately 5,875 class members.

3. If this settlement is not finally approved, the certification of this class shall be declared null and void. The parties would retain the right, under this circumstance, to pursue or defend against a renewed motion for class certification.

4. Plaintiffs Paul E. Blair, Sharone D. Edmonds, James Mercer, Virginia Todd and James Van Kley are appointed Class Representatives. Edelman, Combs, Latturner & Goodwin, LLC is appointed as Class Counsel.

5. The Court deems the plan for mailing notice to class members, if executed as described, to be due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise class members of their rights and to protect the rights of absent class members.

6. Defendants are directed to fully comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, and to provide a copy of all correspondence sent pursuant to the Act to Class Counsel.

7. No later than 20 days after entry of this order (specifically, June 15, 2011), defendant shall mail notice to all class members.

8. Class members may submit requests for exclusion, objections, appearances, and claims, as described in the settlement agreement, no later than 45 days after the initial mailing of the class notice (specifically, August 1, 2011).

9. Pursuant to Fed. R. Civ. P. 23(e), a final approval hearing will be held on September

3

27, 2011 at 10:00 a.m., at which time the Court will hear arguments on the fairness and adequacy of the settlement.

        10.       The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the agreement.

IT IS SO ORDERED.

                                     UNITED STATES DISTRICT COURT JUDGE

DATED: May 26, 2011